CONNOR MURPHY & COMPANY et al., Appellants,

v.

CINCINNATI INSURANCE COMPANY, Appellee.

[Cite as *Connor Murphy & Co. v. Cincinnati Ins. Co.* (2001), 143 Ohio App.3d 151.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18590.

Decided May 4, 2001.

*Nicholas E. Subashi* and *David J. Arens,* for appellants.

*Earle Jay Maiman* and *Melissa M. Feldmeier,* for appellee.

FAIN, Judge.

This is an appeal by the owner of an apartment complex from a summary judgment rendered against it on its claim against an insurance company for reimbursement of business-interruption loss resulting from fire damage and for bad faith for failure to make payment under the policy. Because we find that there are genuine issues of material fact, we conclude that the trial court erred by rendering summary judgment on the issue of liability for payment under the policy. However, we conclude that the trial court properly rendered summary judgment on the issue of bad faith. Accordingly, the judgment of the trial court is affirmed with respect to the bad faith claim, but reversed with respect to the claim under the business-interruption part of the policy, and this cause is remanded for further proceedings.

## I

Plaintiffs-appellants Connor Murphy & Company and Penn Gardens Capital Partners ("Connor Murphy") own and operate Cobblestone Grove Apartments, a residential apartment complex located in Montgomery County, Ohio. The complex consists of two hundred ninety-two apartment units. On September 4, 1999, fourteen of the units were damaged by fire. At the time of the fire, two hundred seventy-five of the units, including thirteen of the fourteen damaged units, were rented. The damaged units were uninhabitable from the time of the fire until restoration was completed on April 1, 2000. Thirteen tenants were forced to evacuate the damaged apartments. One of those tenants moved out of the complex; the other twelve relocated to vacant apartments within the complex.

At the time of the fire, Connor Murphy had in force a policy of insurance covering the apartment complex. The policy, issued by defendant-appellee, Cincinnati Insurance Company ("CIC"), covered property damage and also contained an endorsement covering loss of business income.[1] The endorsement provided for three types of coverage as follows:

"A. Coverage—Coverage is provided as described below for one or more of the following options for which a Limit of Insurance is shown in the Declarations:

"(i) Business Income including 'Rental Value.'

"(ii) Business Income other than 'Rental Value.'

"(iii) 'Rental Value.'

"If option (i) is selected, the term Business Income will include 'Rental Value.' If option (iii) above is selected, the term Business Income will mean 'Rental Value' only."

The declaration page of the business-income endorsement expressly stated that coverage was provided pursuant to option (ii).

Connor Murphy submitted a claim to CIC for loss of business income on December 3, 1999. CIC paid Connor Murphy $17,500 on its claim. Both parties agree that this sum did not represent the actual value of the loss, but was deemed an advance until the actual loss could be determined. CIC retained an accounting firm, which determined that the loss of business income sustained by Connor Murphy was $9,511. However, Connor Murphy claimed that its actual loss was $71,928.

Connor Murphy filed suit against CIC on February 8, 2000, prior to the completion of repairs to the damaged units. In its complaint, Connor Murphy

---

1. The property damage claim is not at issue. CIC paid Connor Murphy $489,000 for property damages sustained in the fire.

alleged that it was entitled to benefits in excess of $71,000 for its loss of business income as well as damages for breach of contract and bad faith. CIC filed an answer and counterclaim in which it alleged that it had overpaid Connor Murphy and was entitled to recover the amount of the overpayment.

CIC filed a motion seeking summary judgment on its counterclaim and on Connor Murphy's claims against it. In the motion, CIC noted that it had paid pursuant to option (iii) under the policy and that it had overpaid Connor Murphy. Connor Murphy filed a response to the motion for summary judgment in which it argued that summary judgment was inappropriate because a question of fact existed as to whether option (ii) or (iii) applied.

In its decision, the trial court found that Connor Murphy's argument in its response to the motion for summary judgment constituted an admission that the insurance policy provided for coverage under option (ii). The trial court further found that Connor Murphy's claim for damages was based upon the loss of rental value, and that, because option (ii) excluded damages for loss of rental value, the actual loss of business income was zero. The motion was denied with regard to CIC's claim for repayment of amounts overpaid to Connor Murphy; this matter remains pending in the trial court, which has certified, pursuant to Civ.R. 54(B), that there is no just reason for delaying the finality of the judgment it has rendered. From the judgment against it, Connor Murphy appeals.

## II

The first assignment of error is as follows:

"The trial court erred in sustaining defendant's motion for summary judgment finding plaintiffs did not sustain a compensable loss."

Connor Murphy contends that the trial court erred in rendering summary judgment on its claim for loss of business income. It argues that the trial court incorrectly determined that option (ii) of the insurance policy applies and that there are genuine issues of material fact with respect to its claim under option (iii) of the insurance contract.

"Summary judgment is to be granted when no genuine issue of material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence viewed most strongly in his or her favor." *Second Nat. Bank v. Tiger Leasing* (Nov. 17, 2000), Darke App. Nos. 1516 and 1519, 2000 WL 1720145, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

■ We begin with the issue of whether the trial court properly rendered summary judgment on the issue of coverage. In our view, Connor Murphy's response to CIC's motion for summary judgment does not constitute an admission that option (ii) applies. From our reading of its response, we conclude that Connor Murphy, responding to CIC's computation of Connor Murphy's injury assuming the applicability of option (iii), merely asserted that, given the discrepancy between the declarations page and CIC's payment under option (iii), a question of fact exists concerning which coverage option should be applied, thereby precluding summary judgment. Connor Murphy alternatively argued that even if option (iii) is the appropriate coverage, CIC is not entitled to summary judgment because its calculation of the amount of the loss of business income is incorrect. CIC operated under the assumption that the declarations page incorrectly cited option (ii) as the correct coverage. CIC therefore used option (iii) in its calculation of damages. Therefore, we conclude that the trial court erred in its finding that option (ii) applied to Connor Murphy's claim. Connor Murphy did not admit that option (ii) applied, having argued instead that there was an issue of fact as to which option was intended. In our view, based upon all of the uncontradicted circumstances, it is clear that Connor Murphy probably intended to select coverage available under option (iii), a fact that CIC, to its credit, has never disputed, even though it would have been to its advantage to argue that Connor Murphy's coverage was pursuant to option (ii), since under that option, rental income, Connor Murphy's only arguable loss of business income, would not have been a covered loss.

We also conclude that the trial court incorrectly determined that the amount of Connor Murphy's business income loss was zero as a matter of law. From our review of the record, and given that the parties have presented conflicting expert testimony concerning the appropriate calculation of business income loss, we conclude that a genuine issue of material fact exists with regard to the rental income lost by Connor Murphy as a result of the fire.

The first assignment of error is sustained.

### III

The second assignment of error is as follows:

"The trial court erred in sustaining defendant's motion for summary judgment finding that defendant did not act in bad faith."

Connor Murphy contends that it established the existence of a question of fact whether CIC acted in bad faith and that the trial court, therefore, erred by rendering summary judgment in favor of CIC on this issue. Connor Murphy

argues that CIC did not provide reasonable justification for its actions and that it misrepresented the terms of the coverage provided by the policy of insurance.

In Ohio, an insurer has. the duty to act in good faith toward its own insured in carrying out its duties under the policy of insurance. *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315, paragraph one of the syllabus. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore." *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, paragraph one of the syllabus.

In this case, the evidence before the trial court indicated that CIC paid Connor Murphy $489,000 to repair the damaged apartments.  It then paid $17,500 as an advance for business income loss until it could determine the actual loss suffered by Connor Murphy as a result of the fire damage.  The advance for loss of business income was paid by CIC despite the fact that the declarations page of the policy indicated that Connor Murphy had not purchased the appropriate type of coverage for loss of rental income.  CIC retained an accounting firm to determine the actual business income loss suffered by Connor Murphy.  CIC provided evidence, in the form of testimony and documents, regarding its method for determining the amount of the loss.

Based upon our review of the record, the evidence submitted by the parties, even when viewed in a light most favorable to Connor Murphy, would not support a reasonable conclusion that CIC acted in bad faith.  Accordingly, the second assignment of error is overruled.

## IV

The second assignment of error having been overruled and the first assignment of error having been sustained, the judgment of the trial court against Connor Murphy on its claim of bad faith is affirmed, the judgment of the trial court against Connor Murphy on its claim for loss of business income under the insurance policy is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

GRADY and FREDERICK N. YOUNG, JJ., concur.